# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| In Re:<br><br>Monica Marie Berggren,<br><br>      Debtor. | Bankruptcy No. 16-30396<br><br>Chapter 13 |
| TrueNorth Steel, Inc.,<br><br>      Plaintiff,<br><br>   v.<br><br>Monica Marie Berggren,<br><br>      Defendants. | Adversary No. _____<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT** |

[¶1]    The Plaintiff, TrueNorth Steel, Inc. (hereinafter "TrueNorth"), hereby submits the following Complaint against the Defendant, Monica Marie Berggren (hereinafter "Berggren"), to obtain a determination that the debt owed to Plaintiff by the Defendant is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny, as well as 11 U.S.C. § 523(a)(6) for a willful and malicious injury by the debtor to another entity or to the property of another entity.

[¶2]    Plaintiff TrueNorth is a business corporation duly organized under the laws of the State of North Dakota with its principal place of business at 702 13th Avenue East, West Fargo, North Dakota.

[¶3]    Defendant Berggren is a resident of Cass County, a former employee of Plaintiff TrueNorth, and the debtor in Case No. 16-30396.

[¶4]    Defendant Berggren was the sole owner of the unincorporated business entity

known as Berggren Design with its principal place of business at 16390 53rd Street SE, Kindred, North Dakota.

[¶5]     This adversary proceeding arises out of, and is related to, the above-captioned case pending before the U.S. Bankruptcy Court for the District of North Dakota. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). Venue is proper pursuant to 28 U.S.C. § 1409.

[¶6]     This action is brought before the Court procedurally pursuant to Rule 4007 of the Federal Rules of Bankruptcy Procedure. The deadline to file a proceeding under 11 U.S.C. § 523(a) in the above-captioned case is November 14, 2016.

[¶7]     Defendant Berggren was an employee of TrueNorth from approximately July 13, 1998 to October 31, 2013.  The last position she held was that of Inside Sales Manager for TrueNorth's corrugated pipe business.   As Inside Sales Manager, Berggren was responsible for overseeing TrueNorth's internal sales department and obtaining purchase orders from customers.

[¶8]     In her position as Inside Sales Manager, Berggren had access to confidential and proprietary designs generated by TrueNorth for its customers, as well as designs provided by customers to TrueNorth for production.

[¶9]     As part of her employment with TrueNorth, Berggren signed a Confidentiality Agreement in which she agreed to maintain the confidentiality of TrueNorth's proprietary information.

[¶10]   Upon information and belief, on or before June 5, 2012, and while still employed by TrueNorth, Berggren formed Berggren Design as a steel fabrication and modification company. Berggren Design acted as a direct competitor to TrueNorth in the business of steel fabrication and modification.

[¶11] Defendant Berggren did not inform TrueNorth of her creation and operation of Berggren design, nor did TrueNorth implicitly or explicitly approve of Berggren operating a competing business while employed at TrueNorth.

[¶12] Defendant Berggren performed services on behalf of Berggren Design during work hours for TrueNorth, including but not limited to communicating with customers, quoting production costs, and general business organizational activities.

[¶13] Beginning on or about June of 2013 and continuing through her termination by TrueNorth on or about October 31, 2013, Defendant Berggren accessed TrueNorth's computer databases to obtain quotes, drawings, and product specifications belonging to TrueNorth and provided such materials for Berggren Design's use.

[¶14] Defendant Berggren did not have TrueNorth's permission or authority to provide such quotes, drawings, and product specifications for use on behalf of Berggren Design.

[¶15] Plaintiff TrueNorth initiated an action against Berggren venued in Cass County, North Dakota District Court, case number 09-2013-CV-03276, seeking to recover damages for her misappropriation of trade secrets, breach of contract, computer crimes, breach of fiduciary duties, and civil conspiracy.

[¶16] Attached hereto as Exhibit A is a true and correct copy of a Confession of Judgment executed by Defendant Berggren in Case No. 09-2013-CV-03276 in the amount of $10,000.00. Defendant Berggren agreed that her actions constituted misappropriation of trade secrets as defined by N.D.C.C. § 47-25.1-01; breach of contract; and breach of her fiduciary duties of loyalty, obedience and diligence to TrueNorth. Judgment was entered by the court in Case No. 09-2013-CV-03276 on May 26, 2015, against Monica Berggren and in favor of TrueNorth in the amount of $10,000.00 and with post-judgment interest accruing at an annual rate of 6.5%.

[¶17]   Attached hereto as Exhibit B is a true and correct copy of a Confession of Judgment executed by Defendant Berggren on behalf of Berggren Design in Case No. 09-2013-CV-03276 in the amount of $55,000.00. Defendant Berggren agreed that her actions constituted misappropriation of trade secrets as defined by N.D.C.C. § 47-25.1-01.  Judgment was entered by the court in Case No. 09-2013-CV-03276 on May 26, 2015, against Berggren Design and in favor of TrueNorth in the amount of $55,000.00 and with post-judgment interest accruing at an annual rate of 6.5%.

[¶18]   Defendant Berggren filed a petition for relief under Chapter 13 of the Bankruptcy Code with this Court on August 8, 2016.  Berggren lists the above-referenced debts owed to TrueNorth as nonpriority unsecured claims on Schedule F.

### COUNT ONE – NON-DISCHARGEABLE DEBT UNDER 11 U.S.C. § 523(a)(4)

[¶19]   Plaintiff incorporates Paragraphs 1-18 above.

[¶20]   Title 11 U.S.C. § 523(a)(4) provides that a debtor may not be discharged from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

[¶21]   Defendant Berggren actually or constructively took property of TrueNorth's without its consent and against TrueNorth's will with the intent to convert the property for her own use and/or the use of Berggren Design.  Defendant Berggren's actions constitute larceny.

[¶22]   Plaintiff TrueNorth has suffered damages as a direct and proximate result of Defendant's larceny.

[¶23]   By reason of the foregoing, Defendant Berggren is indebted to Plaintiff TrueNorth on account of her larceny and said debts are not dischargeable pursuant to 11 U.S.C. § 523(a)(4).

### COUNT TWO – NON-DISCHARGEABLE DEBT UNDER 11 U.S.C. § 523(a)(6)

[¶24]   Plaintiff incorporates Paragraphs 1-23 above.

[¶25]   Title 11 U.S.C. § 523(a)(6) provides that a debtor may not be discharged from any

debt for willful and malicious injury by the debtor to another entity or the property of another entity.

[¶26]   Defendant Berggren's actions were deliberate and intentional and were targeted at TrueNorth in that Berggren's conduct was certain or almost certain to cause financial harm to TrueNorth.  Defendant's actions constitute a willful and malicious injury against Plaintiff TrueNorth and its property.

[¶27]  Plaintiff TrueNorth has suffered damages as a direct and proximate result of Defendant's willful and malicious injury.

[¶28]   By reason of the foregoing, Defendant Berggren is indebted to Plaintiff TrueNorth on account of a willful and malicious injury and said debts are not dischargeable pursuant to 11 U.S.C. § 523(a)(6).

**WHEREFORE**, the Plaintiff, TrueNorth Steel, Inc., hereby respectfully requests the following relief:

a) A determination that the debts owed by Debtor/Defendant Berggren to Creditor/Plaintiff TrueNorth are non-dischargeable pursuant to 11 U.S.C. §523(a)(4) and/or 11 U.S.C. §523(a)(6).
b) An award of costs, disbursements, and attorney fees, as permitted by law; and
c) Such other and further relief as this Court deems just and equitable.

Dated this 27th day of September, 2016.

O'KEEFFE, O'BRIEN, LYSON & FOSS, LTD.


_/s/ Sean T. Foss_____
SEAN T. FOSS (ND ID #06422)
720 Main Avenue
P.O. Box 2105
Fargo, ND  58107-2105
Phone:  (701) 235-8000
Fax:  (701) 235-8023
sean@okeeffeattorneys.com