| | |
|---|---|
| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
| COUNTY OF CASS | EAST CENTRAL JUDICIAL DISTRICT |

| | |
|---|---|
| TrueNorth Steel, Inc.,<br><br>          Plaintiff,<br><br>v.<br><br>Monica Delamater, Ryan Berggren, Thomas Meyer, and Berggren Design,<br><br>          Defendants. | Civil No: 09-2013-CV-03276<br><br><br>**CONFESSION OF JUDGMENT –<br>MONICA BERGGREN** |

The Plaintiff, TrueNorth Steel, Inc. ("True North"), and the Defendant, Monica Berggren, formerly known as Monica Delamater, having agreed to settlement of the claims between them, hereby consent and agree to the entry of Judgment as follows:

**IT IS HEREBY FOUND, ORDERED, ADJUDGED AND DECREED** as follows:

1.      This Court has jurisdiction over the parties and subject matter of this action.

2.      Plaintiff True North is a business corporation duly organized under the laws of the State of North Dakota with its principal place of business at 702 13th Avenue East, West Fargo, North Dakota.

3.      Defendant Monica Berggren is a former employee of True North, where she worked from approximately July 13, 1998 to October 31, 2013, most recently as Inside Sales Manager.

4.      While working at True North, Defendant Monica Berggren had access to confidential and proprietary designs and production specifications generated by True North.

5.      As part of her employment with True North, Defendant Monica Berggren signed a Confidentiality Agreement, in which she agreed to maintain the confidentiality of True North's confidential and proprietary information.

6. In or around June 2012, and while still employed by True North, Defendant Monica Berggren created "Berggren Design," a sole proprietorship of which she was the sole owner.

7. Over late 2012 and 2013, Berggren Design completed several steel fabrication jobs for third-party clients. Defendant Monica Berggren performed accounting services for Berggren Design related to these jobs. Monica Berggren did not inform True North about the steel fabrication jobs performed by Berggren Design or her individual work for the business.

8. In 2013, Defendant Monica Berggren performed services for Berggren Design during work hours for True North and while located at True North's work premises, including communicating with Berggren Design customers, suppliers, and other administrative or organizational tasks.

9. From in or around July 2013 to September 2013, Defendant Monica Berggren accessed True North's computer system to obtain quotes, drawings, and product specifications belonging to True North and provided such materials to Defendant Ryan Berggren for use on behalf of Defendant Berggren Design.

10. Defendant Monica Berggren did not have True North's permission to provide such quotes, drawings, or product specifications to Defendant Ryan Berggren for use on behalf of Defendant Berggren Design.

11. In or around July and August 2013, a True North customer moved its business from True North to Berggren Design following conversations with Monica Berggren and Ryan Berggren. The customer moved its business to Berggren Design while Monica Berggren and Ryan Berggren remained employees of True North and without True North's prior knowledge or consent.

12. Defendant Monica Berggren's actions constitute misappropriation of trade secrets as defined in N.D.C.C. § 47-25.1-01, and True North suffered damages as a result of said misappropriation.

13.     Defendant Monica Berggren's actions constitute breach of contract, and True North suffered damages as a result of said breach.

14.     Defendant Monica Berggren's actions constitute breaches of her fiduciary duties of loyalty, obedience, and diligence to True North, as her employer, under N.D.C.C. §§ 34-02-07, 34-02-08, and 34-02-14, and True North suffered damages as a result of said breaches.

15.     Therefore, Judgment is hereby entered in favor of Plaintiff True North on its claims for misappropriation of trade secrets, breach of contract, and breach of fiduciary duties and against Defendant Monica Berggren in the amount of ten thousand dollars and zero cents ($10,000.00).

16.     Judgment is hereby further entered dismissing with prejudice the claims of computer crimes and civil conspiracy against Defendant Monica Berggren.

17.     Plaintiff True North waives any claim for costs, disbursements, attorney fees, or injunctive relief from or against Defendant Monica Berggren arising out of the above-captioned case.

18.     This Court retains jurisdiction for the purpose of ensuring compliance with this Judgment.

19.     This Judgment shall finally conclude and dispose of the litigation as between Plaintiff True North and Defendant Monica Berggren and shall be entitled to issue preclusion, claim preclusion, res judicata and collateral estoppel effect.

20.     No appeal shall be taken by any party from this Judgment, the right to appeal having been waived.


**AGREED AND CONSENTED TO:**


**Plaintiff True North Steel, Inc.**


Dated this __20th__ day of May, 2015.

TrueNorth Steel, Inc.

By: _____

Its: _____

Dated this _____ day of May, 2015.

KENNELLY O'KEEFFE, LTD

_____
SEAN T. FOSS (ND ID #06422)
720 Main Avenue
P.O. Box 2105
Fargo, ND 58107-2105
Phone: (701) 235-8000
Fax: (701) 235-8023
stf@kennellylaw.com
Attorney for Plaintiff

**AGREED AND CONSENTED TO:**

**Monica Berggren**

Dated this ___15th___ day of May, 2015.

_____
Monica Berggren

Subscribed and sworn before me this __15th__ day of May, 2015

_____
Notary Public
County of Cass, State of North Dakota
My Commission Expires: 10-4-15

RACHEL D. HENRY
Notary Public
State of North Dakota
My Commission Expires Oct. 4, 2015
(SEAL)

Dated this _____15th_____ day of May, 2015.

NILLES LAW FIRM

RYAN C. MCCAMY (ND ID #06420)
1800 Radisson Tower
201 Fifth Street North
P.O. Box 2626
Phone: (701) 237-5544
rmccamy@nilleslaw.com
Attorney for Monica Berggren

**Ordered by the Court:**

Dated this _____ day of May, 2015.

The Honorable Frank Racek
Judge of the District Court